UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SCHWARTZ,

    Plaintiff,

                                                Case No. 11-14101
v.                                        Hon. Lawrence P. Zatkoff

ENCOMPASS INDEMNITY COMPANY,

    Defendant.
    _____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 21, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Remand (Docket #4).  Defendant filed a timely response to the Motion.  The Court finds that the facts and legal arguments pertinent to the Motion to Remand are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the Motion to Remand be resolved on the briefs submitted, without this Court entertaining oral arguments.

**II.  BACKGROUND**

In this lawsuit, Plaintiff makes a claim for first party no-fault benefits stemming from an automobile accident occurring on February 6, 2011. Plaintiff alleges to have sustained various

injuries for which he is allegedly incurring ongoing expenses that consist of reasonable charges for the reasonable and necessary products, services and accommodations for the Plaintiff's medical care, treatment, recovery and rehabilitation. Plaintiff filed a lawsuit against Defendant, a corporation duly created and organized by and under the laws of the State of Illinois and a resident of Illinois, seeking personal injury protection benefits.

Plaintiff originally filed this lawsuit in the Genesee County Circuit Court in the State of Michigan, alleging that Plaintiff's damages exceeded $25,000.00, exclusive of costs, interest and attorney's fees. Defendant filed a Notice of Removal alleging that Plaintiff's claims, pursuant to the Michigan No-Fault Act, exceed $75,000.00. Plaintiff then filed the Motion to Remand, asserting that he "has specifically set forth damages, for less than $32,000, in his Complaint against Defendant for violations of M.C.L. 500.3107, exclusive of costs, attorney fees, and interest."

### III. ANALYSIS

A federal court has subject matter jurisdiction over a non-federal question case or controversy when the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. §1332. There is no dispute that the parties in this matter are diverse as Plaintiff is a resident of Michigan and Defendant is an Illinois corporation. Plaintiff, however, maintains that the amount in controversy does not exceed $75,000. After reviewing Defendant's notice of removal and Defendant's response to the motion to remand, the Court disagrees with Plaintiff's position. More specifically, the Court notes that:

(1) Plaintiff has admitted that the damages to date are nearly $32,000;

(2) The statute under which Plaintiff seeks recovery allows for three years of replacement services and lifelong medical expenses, including medical mileage and lifelong attendant care benefits;

(3) Plaintiff's Complaint alleges that he "continues to incur/suffer said allowable expenses, replacement services, and mileage expenses, and he will continue to incur/suffer allowable expenses, replacement services expenses, and mileage expenses into the indefinite future;" and

(4) Given the opportunity to enter into a stipulation to remand the case to state court, Plaintiff's counsel refused, at least in part because the stipulation required Plaintiff to cap his damages at $75,000.

Based on the foregoing circumstances and allegations, the Court finds that Defendant has met its burden of demonstrating that the amount in controversy exceeds $75,000. Therefore, as the elements necessary for diversity jurisdiction under Section 1332 have been satisfied, the Court denies Plaintiff's Motion for Remand.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, the Court DENIES Plaintiff's Motion for Remand (Docket #4).

IT IS SO ORDERED.

                            S/Lawrence P. Zatkoff
                            LAWRENCE P. ZATKOFF
                            UNITED STATES DISTRICT JUDGE

Dated: October 21, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 21, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290